# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | Criminal Action No. 08-00216-KD-C |
| ) | |
| NATHANIEL DONEIL VANZANT, ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

This action is before the Court on Defendant Nathaniel Doneil Vanzant's Motion for Sentence Reduction pursuant to the First Step Act of 2018, the United States' response, and Vanzant's reply (docs. 60, 66, 69). Upon consideration and for the reasons set forth herein, Vanzant's motion is GRANTED, and his sentence is reduced to 235 months.

I. Procedural history

Defendant Vanzant was indicted on June 26, 2008. He was charged with conspiracy to possess with intent to distribute a "quantity of crack cocaine" that "exceeded 50 grams" (Count One); possession with intent to distribute a "quantity of cocaine" that "exceeded 5 kilograms" (Count Two), possession with intent to distribute "3.8 grams of a mixture and substances containing a detectable amount of . . . cocaine base" (Count Three), in violation of 21 U.S.C. § 841(a)(1) and § 846, and forfeiture (Count Four).

Vanzant pled guilty to Count One and was sentenced July 13, 2009. His third motion to continue sentencing based upon ongoing cooperation was denied. At sentencing, Vanzant was held accountable for 4.5 kilograms of crack cocaine (doc. 62, p. 15, p. 51). The sentencing court[1] adopted the Presentence Report and found that Vanzant's total offense level was 37, his

---
[1] Vanzant was sentenced by Senior United States District Judge Charles R. Butler, Jr.

criminal history category was VI, and his advisory Guideline range was 360 months to life. His statutory sentence was 10 years to life. Applying the factors in 18 U.S.C. § 3553(a), the sentencing court sentenced Vanzant to a below-Guideline sentence of 320 months with five years of supervised release.

In 2016, Vanzant moved for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendments 750 and 782 of the Sentencing Guidelines. On September 19, 2016, the sentencing court, citing 18 U.S.C. § 3553(a)(1) & (2)(C), denied the motion based on Vanzant's lengthy criminal history and post-incarceration conduct (doc. 57). Between October 7, 2011 and January 28, 2015, Vanzant had incurred three disciplinary infractions, including possession of a dangerous weapon. The sentencing court found that his "post-sentencing conduct indicates a continued disregard for authority." Id.

II. Analysis

The Fair Sentencing Act of 2010 lowered the minimum and maximum mandatory penalties triggered by certain quantities of crack cocaine with respect to defendants who had not been sentenced as of August 3, 2010, the effective date of the Act. However, the Fair Sentencing Act was not applied retroactively. See United States v. Berry, 701 F.3d 374, 376 (11th Cir. 2012). The First Step Act of 2018 authorizes the district courts to exercise their discretion and resentence a defendant who was sentenced before August 3, 2010, "as if" the Fair Sentencing Act's lower threshold quantities had been in place at sentencing.[2] In relevant part, the Act sets forth as follows:

> (b) Defendants Previously Sentenced. A court that imposed a sentence for a

---
[2] The Court notes that the First Step Act of 2018 does not mandate resentencing of eligible defendants. Section 404(c) states that "Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."

covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5221. "In essence, the First Step Act retroactively applies the Fair Sentencing Act's lower statutory sentencing ranges and allows the Court to bring past sentences into line with the lower ranges." United States v. Copple, No. 17-CR-40011-JPG-009, 2019 WL 486440, at *1 (S.D. Ill. Feb. 7, 2019). Also, "[n]ow that the First Step Act has expressly provide additional authority to modify a term of imprisonment, it can serve as a basis for relief under [18 U.S.C.] § 3582(c)(1)(B)." United States v. Wooters, No. 09-CR-40013-JPG, 2019 WL 1897085, at *3 (S.D. Ill. Apr. 29, 2019); 18 U.S.C. § 3582(c)(1)(B) ("The court may not modify a term of imprisonment once it has been imposed except that . . . the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure").

Vanzant was sentenced before August 3, 2010. He was indicted and plead guilty to the offense of conspiracy to possess with intent to distribute crack cocaine in excess of 50 grams. Relevant to Vanzant, Section 2 of the Fair Sentencing Act increased the 50 grams or more threshold in 21 U.S.C. § 841(b)(1)(A) to 280 grams or more and increased the 5 grams or more threshold in 21 U.S.C. § 841(b)(1)(B) to 28 grams or more. He is now subject to the provisions of 21 U.S.C. § 841(b)(1)(B) and his statutory sentence is reduced from 10 years to life to 5 to 40 years. Vanzant's crack cocaine offense constitutes a "covered offense" as defined in § 404(a)[3] of

---

[3] "(a) Definition of Covered Offense. In this section, the term 'covered offense' means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010."

(Continued)

the First Step Act. Further, none of the limitations of § 404(c)[4] apply.

Vanzant argues that he is eligible for a reduction under the First Step Act. He has calculated his reduced Guidelines range as 235 to 293 months. Applying a comparable downward variance, Vanzant asserts that his sentence could be reduced to 195 months. Vanzant argues that because the First Step Act provides a broader grant of authority to impose a reduced sentence, the policy limitations of the now advisory Sentencing Guidelines found in U.S.S.G. § 1B1.10 do not apply and the Court's discretion is limited only by the statutory minimum and maximum of 5 to 40 years.

Vanzant also points out that Congress knew that the First Step Act would result in resentencing defendants with a history of significant criminal conduct but did not make that a disqualifying factor. Vanzant accepts that he cannot change his criminal history and asks the Court to consider his history of abuse and neglect and his improved conduct in prison. He points out that he has not obtained a disciplinary infraction since January 2015,[5] over four years ago, and provides his prison record which shows the classes he has taken and completed, his work assignments, and overall conduct (doc. 69-1)

The United States argues that Vanzant should not receive a reduction because of his

---

[4] "(c) Limitations. No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits." Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

[5] The most serious offense – possession of a weapon - occurred in January 2015. Vanzant explains that the "weapon was found on top of a locker in a cell" and he "did not admit or deny" possession (doc. 69, p. 3).

(Continued)

4

significant criminal history. The United States also argues that there is no compelling reason for this Court to deviate from the sentencing court's prior denial of Vanzant's 18 U.S.C. § 3582(c)(2) motion or to provide a comparable 40-month downward variance to that received at sentencing. The United States argues that if the Court decides to reduce, the reduction should not deviate below the 293-month maximum sentence based on Vanzant's Guidelines calculation.[6]

Previously, the sentencing court denied Vanzant's motion pursuant to 18 U.S.C. § 3582(c)(2) for reduction of sentence based upon Guideline Amendments 750 and 782 (doc. 57). However, the Court is not bound by the prior denial. In United States v. Caraballo-Martinez, 866

---

[6] The United States also argues that imposing a reduced sentence would be inequitable because Vanzant would have been charged for possession of at least 280 grams of crack cocaine if the Fair Sentencing Act had been in effect at the time of indictment. This argument is based on the quantity of 4.5 kilograms for which Vanzant was held accountable at sentencing. However, this Court has rejected this argument because Congress did not direct the district courts to consider what the United States might have charged. United States v. Thomas, No. CR 09-00117-KD-B, 2019 WL 2375133, at *3 (S.D. Ala. June 5, 2019) (citation omitted). Also, this argument relies on the quantity for which Vanzant was held accountable as opposed to the quantity charged in the indictment. This Court has held that the quantity charged in the indictment controls. Id. at *2 ("The Court disagrees for two reasons. First, when determining the **statutory** penalty for an offense the Court looks to the offense charged in the indictment, not the quantity to which the defendant later agrees in a factual resume. Second, the factual resume is agreed to by the defendant to establish a factual basis for the plea and often to resolve sentencing guideline issues. The factual resume regularly includes an agreed amount of controlled substance for which a defendant is responsible for purposes of relevant conduct, i.e., for purposes of determining the guidelines. The factual resume cannot amend the indictment.") (emphasis in original); see also United States v. Lee, No. 605CR165ORL31GJK, 2019 WL 2617262, at *1 (M.D. Fla. June 26, 2019) ("What Lee would have been charged with if the law had been different is irrelevant. The Court will not now assume that Lee would have been charged with a crime that did not exist at the time of his conviction. . . . What matters for purposes of the First Step Act is the language in the indictment.") (citing United States v. Allen, 8:00-cr-378-RAL-AAS, Doc. 69 at 11 (M.D. Fla. 2019) and United States v. Davis, No. 07-CR-245S (1), 2019 WL 1054554, at *2 (W.D.N.Y. Mar. 6, 2019)) ("This argument is not persuasive, however, because it is the statute of conviction, not actual conduct, that controls eligibility under the First Step Act."). Additionally, "some sentencing disparities are inevitable when Congress enacts legislation designed to reduce sentences for a specific class of offenders." United States v. Jones, No. 2:05-CR-29-FL-1, 2019 WL 2480113, at *4 (E.D.N.C. June 11, 2019) (citing Dorsey v. United States, 567 U.S. 260, 280 (2012)).

F. 3d 1233 (11th Cir. 2017), the district court denied Caraballo's first motion pursuant to § 3582(c)(2) and he did not appeal. The district court denied his second motion on basis that the earlier denial constituted a resentencing and that his renewed challenge or second motion was barred by the 14-day time limit in Fed. R. Crim. P. 35(a) and prior precedent.

The Court of Appeals for the Eleventh Circuit held that "the district court's denial of Caraballo's first § 3582(c)(2) motion on the merits did not produce a different sentence, or even re-impose the original sentence" and that the "district court thus had authority to consider Caraballo's renewed § 3582(c)(2) motion based on the same Guidelines amendment." Id. at 1245-1246. After setting out the reasons for the decision, the Eleventh Circuit stated as follows:

> . . . we conclude that the denial of Caraballo's first § 3582(c)(2) motion was not a "sentencing" or "a sentence" for purposes of Rule 35(a) and § 3582(c)(2) and thus that denial did not trigger the 14-day time limit in Rule 35(a) or jurisdictionally bar the court from considering a successive § 3582(c)(2) motion.

Id. at 1246.

Moreover, 18 U.S.C. § 3582(c)(1)(B) provides that "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute[.]" In this circumstance, the First Step Act provides express statutory permission for application of the Fair Sentencing Act to persons sentenced before August 3, 2010. The courts have generally found that they may consider the factors in 18 U.S.C. § 3553(a) and post-sentencing conduct, but without the limitations imposed upon a motion pursuant to § 3582(c)(2). See United States v. Logan, No. CR CCB-10-203, 2019 WL 3391618, at *1 (D. Md. July 26, 2019); United States v. Berry, No. 1:09-CR-05-2, 2019 WL 2521296, *4 (W.D. Mich. June 19, 2019) ("unlike earlier rounds of retroactive crack or other drug sentencing relief, the First Step Act does not impose any artificial or guideline limits on a reviewing court. These earlier rounds of retroactive reduction proceeded under 18 U.S.C. § 3582(c)(2) based on Sentencing Commission guideline

reductions and were therefore subject to the limitations built into that section. The First Step Act is different."); United States v. Norman, No. 1:08-CR-286, 2019 WL 3296830, at *6 (W.D. Mich. July 23, 2019) ("The First Step Act now permits the Court to exercise the full range of its discretion consistent with the Section 3553(a) factors."). Additionally, one purpose of § 404 of the First Step Act was to remedy the "overly harsh and prejudicial penalties for crack cocaine offenses". United States v. Payton, No. 07-20498-1, 2019 WL 2775530, at *4 (E.D. Mich. July 2, 2019).

With the foregoing in mind, and upon consideration of the relevant factors in 18 U.S.C. § 3553(a) and Vanzant's post-sentencing conduct, the Court finds that a reduced sentence is appropriate. The Court has considered "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The Court acknowledges that Vanzant was involved in a conspiracy to distribute crack cocaine, that he has a significant criminal history, and has incurred three disciplinary infractions while in prison, including possession of a weapon. However, Vanzant has not incurred another disciplinary infraction in the past four and one-half years (the last occurred on January 28, 2015).[7] While he cannot change the offense of conviction or his criminal history, Vanzant has shown that he can change his conduct in prison to the better.[8] The Court has also considered the purpose for imposing a

---

[7] Vanzant's inmate Progress Report shows that "[h]e has consistently earned average and above work evaluations during his period of incarceration", that he has received three infractions, that "[h]is interaction with staff and inmates is appropriate and no management concerns are noted at this time" and that the "psychology staff have not expressed mental health concerns at this time." (doc. 69-1, p. 1). The Report is dated June 4, 2019.

[8] In his letter to the Court, Vanzant wrote that "any sincere apology should be followed by actions that support the words" (doc. 69-2, p. 1). Vanzant also acknowledges his past decisions were his own: "No one can truly repent or be reformed without first admitting to and accepting the role they played in any negativity in which they find themselves." (Id.). He wrote (Continued)

sentence. 18 U.S.C. § 3553(a)(2). Thus, in view of Vanzant's significant criminal history, the Court has considered the need for the sentence to "promote respect for the law", "afford adequate deterrence to criminal conduct" and "protect the public from further crimes of the defendant". 18 U.S.C. § 3553(a)(2)(A), (B) & (C).

Therefore, applying the Sentencing Guidelines now in effect,[9] which incorporate Amendment 750[10] and Amendment 782,[11] the Court finds that Vanzant's total offense level is reduced to 33, his criminal history category remains at VI, and his guidelines ranges is now 235 to 293 months (doc. 62). The Court finds that a sentence of 235 months is sufficient to comply with the purposes of 18 U.S.C. § 3553(a).

---

of his personal growth, including his recognition that disrespect for authority was a character flaw that he could now approach in a mature manner, and a deeper understanding as to how the events of his childhood shaped his approach to life ("I was so used to having to look out for myself that it didn't occur to my undeveloped self that I had no peripheral vision" (Id., p. 3). He also addressed the harm to his family ("A big part of my motivation to do better is knowing that they need me to put my intelligence to work in their behalf") and other families that resulted from his drug activity ("I have to accept the fact that I have hurt other people's families by unleashing the destructive forces that is drugs upon them.") (Id.). Vanzant has turned to reading on multiple subjects to meet his long-term goals. He plans to obtain a commercial driver's license and operate a tractor-trailer (Id., p. 4).

[9] United States v. Francis, No. CR 99-00072-KD-C, 2019 WL 1983254, at *3 (S.D. Ala. May 3, 2019) ("It appears to be the majority view among courts that have addressed the issue that upon resentencing the Court should incorporate all of the retroactive guideline amendments.") (collecting cases); United States v. Payton, No. 07-20498-1, 2019 WL 2775530, at *4 (E.D. Mich. July 2, 2019) (". . . "the First Step Act vests the Court with broad discretion to resentence defendants considering the § 3553(a) factors, including the case law and Guidelines in effect today.") (collecting cases).

[10] "[T]the Sentencing Commission promulgated Amendment 750 to the guidelines, which revised the crack cocaine quantity tables . . . to comply with the FSA's instructions." United States v. Martin, 516 Fed. Appx. 840, 841-842 (11th Cir. 2013).

[11] "Amendment 782 lowered the base offense level for many drug offenses, . . . by revising the Drug Quantity Table[.]" United States v. Berry, 615 Fed. Appx. 645 (11th Cir. 2015). The Amendment generally provided a two-level reduction in base offense level. United States v. Grice, No. 2:06-CR-271-WKW, 2019 WL 2144808, at *1 (M.D. Ala. May 16, 2019).

III. Conclusion

Accordingly, for the reasons set forth herein, Vanzant's motion is GRANTED and his sentence is modified to a term of 235 months. The remainder of the previously imposed judgment is unchanged.

**DONE** and **ORDERED** this 31st day of July 2019.

**s/ Kristi K. DuBose**
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**